## Commonwealth v. Hinton

*James D. Welsh, Assistant District Attorney*, for Commonwealth.

*John S. Thome, Jr.,* for defendant.

RUFE, *J.*, February 19, 1980—On January 25, 1979, James Hinton was found guilty by a jury of the crimes of robbery, theft, receiving stolen property, possession of instruments of crime, prohibited offensive weapons and conspiracy arising out of the gun point theft of $4,200 from the manager of a Holiday Inn. Defendant's motion for new trial stems from the court's refusal to sustain two of defendant's jury challenges for cause. His motion in arrest of judgment challenges the court's denial of his motion to dismiss the charges under Pa.R.Crim.P. 1100. These questions have now been argued before the above court en banc and are resolved herein.

## JURY SELECTION

A panel of 27 prospective jurors was submitted to voir dire questioning. Juror No. 16, one Perry Kinikin, participated in the following colloquy:

"Mr. Thome: Do any of you have any type of physical infirmities that would prevent you from sitting on a jury, such as a hearing difficulty?

Perry Kinikin: Yes, sir, slight hearing problem.

Mr. Thome: You are Mr. Kinikin?

Perry Kinikin: Right.

Mr. Thome: Have you been able to hear everything that has gone on so far?

Perry Kinikin: Most of it.

Mr. Thome: Do you think you missed some of it?

Perry Kinikin: Yes, some of these answers."

The court did not grant defendant's challenge for cause because some of the very answers Mr. Kinikin missed were stated so inaudibly that the court had great difficulty hearing them as well. The court

also observed that Mr. Kinikin's seat during the voir dire process placed him farther away from the jurors whose answers he might have missed than he would have been from the witness box if selected for the jury.

The second challenge for cause that the court rejected was to prospective Juror No. 27, one Daniel Welsh, blood brother of the prosecuting attorney. While this challenge for cause probably should have been sustained, the court observed that the prospective juror was outside the scope of possible selection on the jury, as a jury of 12 together with seven peremptory challenges for each side, if exercised, would still exhaust only 26 jurors.

In any event the question is moot, for even though defendant exercised his fourth peremptory challenge to strike Mr. Kinikin, after the Commonwealth exercised its sixth challenge the last juror empaneled at that point was prospective Juror No. 23. Defendant thereupon struck Juror No. 26. After the Commonwealth's seventh and last challenge, defendant exercised his last challenge to strike prospective Juror No. 27, Mr. Welsh, also completely outside the possible orbit of jury service on this case. In short, defendant's last two challenges were in effect "passes," relinquishing use of those challenges altogether. His manner of selection also effectively provided him with an eighth challenge, for otherwise prospective Juror No. 25, who was never reached in the process, might have been on the jury had defendant exercised his challenges among the first 12 persons still available for the jury. It is impossible to see how defendant could possibly have been prejudiced when this clever use of his challenges actually afforded him greater

selectivity and more actual challenges than he was entitled to.

## RULE 1100

The charges against defendant were filed on February 16, 1978. Defendant's trial began January 23, 1979, 341 days later. After full hearing, the court excluded the 27 days from February 16, 1978 until March 15, 1978 when defendant was apprehended, having determined that he was a fugitive during that period. The court further excluded the period between April 26, 1978 and June 23, 1978 while defendant was vigorously resisting extradition. Finally, the court excluded the period between July 7, 1978 and December 17, 1978 during which defendant obtained a stay of all proceedings while he was seeking an identification lineup for his own benefit. These three periods total 248 days, and when excluded, bring the trial well within the 180 day mandate of Rule 1100. Clearly, defendant's contention that his speedy trial rights were violated is without merit.

Accordingly, we enter the following

## ORDER

And now, February 19, 1980, defendant's motions for a new trial and in arrest of judgment are hereby overruled, denied and dismissed. Defendant is ordered and directed to appear in Court Room No. 4, Bucks County Court House, Doylestown, Pa., on March 18, 1980 at 10:00 a.m. for sentencing.